**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cassandra Marie Martinez, | No. CV-23-00562-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This is a Social Security appeal.  On April 11, 2023, the Court referred the matter to Magistrate Judge Willett for the preparation of a report and recommendation ("R&R") as to the final disposition.  (Doc. 9.)  On January 25, 2024, Judge Willett issued an R&R concluding that the ALJ's decision should be reversed and the case remanded for calculation of benefits.  (Doc. 23.)  The Commissioner has, in turn, filed amended objections to the R&R (Doc. 26-2) and Plaintiff has filed a response (Doc. 25).

For the following reasons, the Commissioner's amended objections are sustained in part and overruled in part—the Court agrees with the R&R that the ALJ's decision must be reversed but concludes that the appropriate remedy is a remand for further proceedings, not a remand for calculation of benefits.

## DISCUSSION

I.    Legal Standard

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for

the disposition" of a dispositive matter.  *Id.*  As noted, the Court made such a referral here. (Doc. 9.)

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  *See also* Fed. R. Civ. P. 72(b)(2)-(3).

"In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . .  [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections."  *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted).  *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").  Thus, district judges need not review an objection to an R&R that is general and non-specific.  *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006).

…

- 2 -

1    II.    The R&R

2            The rulings in the R&R can be summarized as follows.

3            First, the R&R concludes that the ALJ provided legally insufficient reasons for

4    discrediting the opinions of Plaintiff's treating physician, Rachel Sy, D.O.  (Doc. 23 at 8-

5    10.)  More specifically, the R&R concludes that the ALJ's reasons for discrediting Dr. Sy's

6    opinions—a lack of support in Dr. Sy's own treatment records, inconsistency with the

7    medical evidence of record and other medical sources' opinions, and evidence of

8    improvement from treatment—were inadequately explained because "the exhibits cited by

9    the ALJ consist of hundreds of pages," "Defendant concedes that a number of Dr. Sy's

10   records note remarkable findings," "Plaintiff cites additional records in which Dr. Sy notes

11   remarkable examination findings," and "the undersigned is not persuaded that the records

12   cited by the ALJ are self-evidently contradictory and thereby eliminate the need for

13   additional explanation."  (*Id.*)

14           Second, the R&R concludes that the ALJ provided legally insufficient reasons for

15   discrediting the opinions of Swaraj Singh, M.D.  (*Id.* at 10-11.)  As with Dr. Sy, the R&R

16   concludes that although the ALJ asserted that Dr. Singh's opinions were unsupported by

17   Dr. Singh's treatment notes and inconsistent with the other medical evidence in the record,

18   those assertions were inadequately explained because "[t]he exhibits cited by the ALJ . . .

19   consist of hundreds of pages" and "[t]he undersigned does not find that the records cited

20   by the ALJ are self-evidently contradictory and thereby eliminate the need for additional

21   explanation."  (*Id.*)  The R&R further concludes that although the ALJ identified Plaintiff's

22   improvement from treatment as an additional basis for discrediting Dr. Singh's opinions,

23   that rationale was faulty because "even with the Botox treatments, Plaintiff presented to

24   the Emergency Room for treatment of headaches over twenty times since her 2018 benefits

25   application."  (*Id.* at 11.)

26           Third, the R&R concludes that the ALJ provided legally insufficient reasons for

27   discrediting Plaintiff's symptom testimony.  (*Id.* at 12-15.)  Among other things, the R&R

28   states that although the ALJ "erroneously recount[ed] that medical records indicate that

following Botox treatments, Plaintiff 'reported a decrease in the number of migraines and good relief for three months,'" "[t]he records actually state that Plaintiff reported that the '[f]irst **2** months are really good after botox'"; that "the ALJ did not explain which of Plaintiff's statements and activities of daily living support the ALJ's conclusion that Plaintiff is capable of performing substantial gainful activity"; and that "[t]he ALJ's decision requires the Court to  speculate as to the grounds for the ALJ's conclusion that Plaintiff's testimony conflicts with the medical evidence." (*Id.*)

Fourth, the R&R concludes that the appropriate remedy for these errors is a remand for calculation of benefits. (*Id.* at 15-17.)  The R&R elaborates: "[T]he undersigned finds no outstanding issues of fact to be resolved through further proceedings. . . .  The VE's testimony establishes that if Plaintiff's symptom testimony and the opinions of Drs. Sy and Singh were credited as true, the ALJ would be required to find that Plaintiff is disabled. The undersigned does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled.  Therefore, based on the record, the undersigned finds it inappropriate to remand the case for further proceedings." (*Id.*)

III.   Analysis

The Commissioner objects to all of the R&R's conclusions. (Doc. 26-2.)

As for Drs. Sy and Singh, the Court concludes (after conducting the required *de novo* review) that the R&R's conclusions should be affirmed.  *Ramos*, 65 F.4th at 433-34. Although the reasons the ALJ identified for discrediting those doctors' opinions would have been legally sufficient had they been adequately explained, the R&R correctly concludes that the lack of a sufficiently detailed and supported explanation precludes affirmance.  *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").  The Court also disagrees with the Commissioner's contention that Plaintiff forfeited any challenge the ALJ's analysis of the supportability factor by failing to raise such a challenge in her opening brief (Doc. 26-2 at 8, 11)—as Plaintiff correctly notes (Doc. 25 at 7), the opening brief can be reasonably

construed as challenging the ALJ's evaluation of the supportability factor as to each doctor. (*See, e.g.,* Doc. 19 at 16 ["The ALJ committed materially harmful error by rejecting the assessments from Drs. Sy and Singh without providing sufficient explanation supported by substantial evidence, including failing to explain the consideration of the supportability and consistency factors under the regulations for evaluation of medical source opinions."]; *id.* at 19 [challenging the ALJ's determination that "Dr. Sy's assessments were unsupported by her own records"]; *id.* at 21 [challenging "the ALJ's belief the assessments [of Dr. Singh] were unsupported by Dr. Singh's records"].)

Given these determinations, it is unnecessary to resolve the Commissioner's objection to the R&R's conclusion that the ALJ provided legally insufficient reasons for discrediting Plaintiff's symptom testimony.  Reversal is warranted regardless of whether that conclusion stands.

Finally, the Court sustains the Commissioner's objection to the R&R's conclusion as to the appropriate remedy (*i.e.*, a remand for calculation of benefits).  "The credit-as-true analysis has evolved in our circuit over time, thus providing a challenge for application by the district court." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  As the Ninth Circuit has clarified in recent opinions, "[a]n automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Id.  See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

"The credit-as-true rule has three steps.  First, we ask whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.  Second, we determine whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful.  And third, if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law.

Even if all three steps are met, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion." *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (cleaned up).  A district court properly exercises its discretion to remand for further proceedings where "there is serious doubt as to whether [the claimant] is disabled." *Leon*, 880 F.3d at 1048.  *See also Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[E]ven if all three requirements are met, we retain flexibility in determining the appropriate remedy.  We may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.") (cleaned up).

The credit-as-true rule is inapplicable here.  Although step one is satisfied in light of the ALJ's failure to provide legally sufficient reasons for, at a minimum, discrediting the opinions of Drs. Sy and Singh, step two is not—further administrative proceedings would be useful to enable the ALJ to attempt to provide more specific explanations (and more precise record citations) in support of the challenged negative-credibility assessments.

A remand for further proceedings is warranted for the additional reason that, having conducted the required *de novo* review of the record, the Court harbors serious doubt as to whether Plaintiff is, in fact, disabled.  Plaintiff told one treatment provider she had no limitations in her activities of daily living, which she described as including "sometimes watch[ing] my youngest grandchild" and "[t]he rest of the day just watch[ing] television." (AR at 633.)   However, Plaintiff testified during the hearing that her notice and concentration problems interfere with "trying to watch a television show . . . [or] even a movie . . . because I don't know what's going on."  (AR at 87.)  Although the R&R did not view these statements as materially inconsistent for purposes of the ALJ's credibility assessment (Doc. 23 at 17 n.3), in the Court's view they raise serious doubts that underscore why the extraordinary remedy of a remand for calculation of benefits is unwarranted here. *Cf. Burrell v. Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014) (rejecting the claimant's argument that "because the ALJ's reasons for discrediting her testimony and Dr. Riley's

assessment are legally insufficient, we have no choice but to . . . remand for an award of benefits" and concluding that a remand for further proceedings was the appropriate remedy because, even though "Claimant may be disabled," "evidence in this record not discussed by the ALJ" cast serious doubt on the claim of disability).

Accordingly,

**IT IS ORDERED** that:

(1)     The Commissioner's amended objections to the R&R (Doc. 26-2) are **overruled in part and sustained in part**.

(2)     The R&R (Doc. 23) is **adopted in part and rejected in part**.

(3)     The decision of the ALJ is **reversed** and this matter is **remanded for further proceedings**.

(4)     The Clerk shall enter judgment accordingly and terminate this action.

Dated this 21st day of March, 2024.

Dominic W. Lanza
United States District Judge

- 7 -